FILED
United States Court of Appeals
Tenth Circuit

October 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY WEBSTER,

Defendant-Appellant.

No. 09-6089

(W.D. of Okla.)

(D.C. No. CR-08-227-D)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Anthony Webster was convicted under Colorado law of first-degree sexual assault and was sentenced to ten years' imprisonment. He was paroled in December of 2006.

Soon after he was discharged from prison and as part of his parole, Webster registered with the Denver Police Department as a sex offender. Four months

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

later, however, Webster failed to report his current status to the Denver Police, and a warrant was issued for his arrest.

In the summer of 2008, federal officials received an anonymous tip that Webster was residing in Oklahoma City. Subsequent investigation confirmed he was in fact residing there and had failed to register as a sex offender with the Oklahoma City Police Department. Webster was arrested in September of 2008.

In due course, Webster pleaded guilty to a violation of 18 U.S.C. § 2250(a) for traveling in interstate commerce and knowingly failing to update his sex offender registration. The plea was conditional, however, and he reserved the right to appeal his conviction, which he claims is invalid due to the unconstitutionality of § 2250.

Specifically, Webster asserts the statute, as applied to him, violates the Ex Post Facto Clause because it was not enacted until 2006, several years after his conviction for first-degree sexual assault. He further contends the statute violates the Commerce Clause, because the registration of sex offenders in Oklahoma is a matter of state law.

Webster admits, however, that both of his arguments are foreclosed by our case law. *See United States v. Lawrence*, 548 F.3d 1329 (10th Cir. 2008) (rejecting challenges to § 2250 based on the Ex Post Facto Clause, the Commerce Clause, and the Due Process Clause). Nonetheless, he seeks to "preserve [his arguments] for review by the Supreme Court." Aplt. Br. at 14, 18.

Because we are bound by the decisions of prior panels of this court, *United States v. Mitchell*, 518 F.3d 740, 752 n.14 (10th Cir. 2008), we cannot entertain Webster's arguments. We therefore exercise jurisdiction under 28 U.S.C. § 1291 to AFFIRM Webster's conviction.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge